IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 15, 2014

## KENNETH ALLEN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Marshall County**
**No. 11CR93     Robert G. Crigler, Judge**

_____

**No. M2013-01383-CCA-R3-PC - Filed April 29, 2014**

_____

Following a jury trial in 2008, Petitioner, Kenneth Allen, was ultimately convicted of two Class B felony cocaine offenses and two Class C felony cocaine offenses. He was sentenced to serve an effective sentence of thirty years as a career offender. The trial court ordered the effective thirty-year sentence to be served consecutively to an unrelated sentence of ten years for additional drug convictions for which his probation had been revoked. *See State v. Kenneth Gregory Allen*, No. M2009-00070-CCA-R3-CD (Tenn. Crim. App. Aug. 24, 2010). Petitioner filed a post-conviction petition attacking his 2008 convictions. After an evidentiary hearing the trial court denied relief. Petitioner has appealed arguing that he received ineffective assistance of counsel. After a thorough review we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Donna Orr Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Kenneth Allen.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

Petitioner did not testify at the post-conviction hearing and the only witness presented by Petitioner was his trial counsel. The State did not call any witnesses to testify. In his brief

on appeal Petitioner does not summarize any facts from the post-conviction hearing testimony of the trial counsel. In the argument section of the brief, Petitioner cites various cases setting forth well settled principles of law regarding post-conviction relief. Petitioner's entire assertion of facts in support of relief is that he was denied effective assistance of counsel because "he was not properly advised of how much of his violation of probation that he would have to serve, and [Petitioner] also asserts that trial counsel did not properly attack what range offender the court found [Petitioner] to be."

The Sixth Amendment to the United States Constitution and article I, section 9 of the Tennessee Constitution guarantee a criminal petitioner the right to representation by counsel. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Both the United States Supreme Court and the Tennessee Supreme Court have recognized that the right to such representation includes the right to "reasonably effective" assistance, that is, within the range of competence demanded of attorneys in criminal cases. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Burns*, 6 S.W.3d at 461; *Baxter*, 523 S.W.2d at 936.

A lawyer's assistance to his or her client is ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. This overall standard is comprised of two components: deficient performance by the petitioner's lawyer and actual prejudice to the defense caused by the deficient performance. *Id*. at 687; *Burns*, 6 S.W.3d at 461. To demonstrate prejudice, a petitioner must show "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The petitioner bears the burden of establishing both of these components by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); *Burns*, 6 S.W.3d at 461. The petitioner's failure to prove either deficiency or prejudice is a sufficient basis upon which to deny relief on an ineffective assistance of counsel claim. *Burns*, 6 S.W.3d at 461; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). This Court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise. *Id*. "However, a trial court's *conclusions of law*—such as whether counsel's performance was deficient or whether that deficiency was prejudicial—are reviewed under a purely *de novo* standard, with no presumption of correctness given to the trial court's conclusions." *Id*.

The trial court ruled following the hearing that upon its review there was absolutely no proof of ineffective assistance of counsel by trial counsel. A subsequently entered order denying post-conviction relief affirmed the ruling from the bench.

In light of Petitioner's sparse argument in his brief, we will summarize the pertinent post-conviction hearing testimony of trial counsel. Trial counsel testified that Petitioner's effective sentence of thirty years, for the offenses which are the subject of this post-conviction proceeding, was ordered to be served consecutively to his sentence of ten years' incarceration which was the result of revocation of probation for prior convictions. Trial counsel reviewed these 2005 convictions and concluded that Petitioner would be correctly classified as a career offender in sentencing for the 2008 convictions. Copies of the judgments for Petitioner's prior 2005 convictions were made exhibits at the post-conviction hearing and reveal that he had six prior Class B felony convictions that could be used to classify Petitioner as a career offender.

Trial counsel testified that he was sure he had advised Petitioner to assume the worst as to how much of the ten-year sentence for the prior convictions would have to be served by incarceration. In other words, Petitioner was informed to assume he would have to "flatten that time." Trial counsel noted that the State's offer to Petitioner for a negotiated settlement prior to trial was an effective thirty-year sentence for the 2008 convictions consecutive to the ten-year sentence for the 2005 convictions, except with a 45% release eligibility for the 2008 convictions rather than a 60% release eligibility as a career offender. Trial counsel denied telling Petitioner that he should go to trial. Trial counsel testified that he advised Petitioner of his options and Petitioner made the decision to go to trial.

During direct examination, Petitioner's post-conviction counsel asked trial counsel if he had considered attacking the validity of the 2005 convictions under the United States Supreme Court decision of *Blakely v. Washington*, 542 U.S. 296 (2004) (The United States Supreme Court held that other than a prior conviction, any fact used to enhance a sentence must be proven to a jury beyond a reasonable doubt.). Trial counsel testified that he did not feel *Blakely* was applicable. Trial counsel did not render ineffective assistance of counsel by not collaterally attacking the 2005 convictions based upon the ruling in *Blakely*. Such an attack long after the one year statute of limitations for post-conviction proceedings would have been fruitless. *See Dimarko B. Williams v. State*, No. M2010-02180-CCA-R3-PC, 2011 WL 4965175 at *2 (Tenn. Crim. App. Oct. 19, 2011) and cases cited therein.

There is also no merit to Petitioner's argument that he is entitled to post-conviction relief because trial counsel purportedly failed to accurately advise Petitioner about how much time he would be incarcerated upon the revocation of the probated sentences for the 2005 convictions. First, the 2005 convictions were not included in the post-conviction proceeding

which is the subject of this appeal. Second, trial counsel did not represent Petitioner in the 2005 proceedings. Third, since Petitioner chose not to testify at the post-conviction hearing, there is no proof as to what, if anything, the amount of time Petitioner would have to serve for the 2005 sentence after it was revoked has to do with trial counsel's representation of Petitioner in the cases *sub judice*.

Petitioner is entitled to no relief in this appeal. Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE